UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-91-BR

| | |
|---|---|
| PETER BARBEAU,<br><br>   Plaintiff,<br><br>v.<br><br>THE GENERAL COURT OF<br>JUSTICE, NEW HANOVER<br>DISTRICT COURT, NC,<br><br>   Defendant. | **ORDER &<br>MEMORANDUM &<br>RECOMMENDATION** |

This matter is before the Court on Plaintiff's *pro se* application to proceed *in forma pauperis*. Plaintiff, Peter Barbeau, has filed a petition for removal of his state court action in the General Court of Justice, New Hanover District Court. Plaintiff, who states he is homeless, has demonstrated appropriate evidence of inability to pay the required court costs. Accordingly, his application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is allowed. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

I.  **PROPRIETY OF PETITION FOR REMOVAL**

However, the Plaintiff is trying to remove a case he originally filed in state court. The Court is generally able to follow the course of the state action from the allegations made by Plaintiff in this Court and by reviewing the copies of various state court documents Plaintiff has filed with this Court. In particular, the Court notes the state court's order in *Barbeau v. Tan,* 08 CVD 2884, that seems to be dated August 28, 2009, denied Barbeau's motion to modify the custody order, and ordered that Rose Tan,

Barbeau's ex-wife, retain sole legal custody of their son, while Barbeau would have "secondary physical custody" of two afternoons and every other weekend with his son. Order of New Hanover District Court [DE-3 at 72-75]. Thus, the action that Plaintiff seeks to remove is the state court action in which he unsuccessfully petitioned to modify the custody order applicable to his minor son.

It is axiomatic that removal is a procedure by which defendants, and not plaintiffs, may transfer a case to federal court, as long as certain jurisdictional prerequisites are met. Indeed, the statute governing removal, 28 U.S.C. § 1441, states "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants.*" (Emphasis added). In the present case, Barbeau is attempting to remove a case he filed as plaintiff in state court, an act not authorized by statute, and his petition should be dismissed. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F. 3d 148, 151 (4th Cir. 1994) (noting courts must strictly construe removal jurisdiction). Thus, the undersigned **RECOMMENDS** dismissing the petition for removal [DE-1-2].

## II. FRIVOLITY REVIEW AND SUBJECT MATTER JURISDICTION

Alternatively, in an abundance of caution occasioned by Plaintiff's *pro se* status, the Court will construe Plaintiff's petition for removal as a complaint to commence a new cause of action. As such, the action is subject to frivolity review. Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See Cochran v. Morris*, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an

2

Case 7:10-cv-00091-BR   Document 4   Filed 06/15/10   Page 2 of 6

arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolous is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Neitzke*, 490 U.S. at 328. In making the frivolity determination, *pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). However, while the Court must liberally construe the plaintiff's *pro se* pleadings, the Court will not act as the plaintiff's counsel.

Plaintiff asserts this Court has federal question jurisdiction over this matter. The jurisdiction of this Court is not plenary, but is limited to actions based on federal questions or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. A plaintiff can proceed on federal question jurisdiction where he or she alleges a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, under 28 U.S.C. § 1331, federal question jurisdiction exists when a plaintiff's cause of action "arises under" federal law.

Although Plaintiff's allegations are rambling and his legal theories a bit difficult to make out, he essentially alleges that parental custody of his son and his visitation rights were determined by the state courts in a manner that resulted in violations of his federal civil and Constitutional rights. Plaintiff asserts his claims arise under federal law because, *inter alia*, "A parent's right to raise a child is a constitutionally protected liberty interest." Notice of Petition at 4 [DE-1-2]. Plaintiff thus alleges the Due Process

3

Clause of the Constitution is implicated here. Further, Plaintiff raises claims under various federal civil rights statutes, alleging he has been denied equal protection and treatment by the state court's rulings. *Id.* at 14-16 [DE-1-3].

While conducing this initial frivolity review, it is apparent to the Court that jurisdiction must be examined. Specifically, the Court is concerned that the *Rooker-Feldman* doctrine may be implicated. Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). This applies both where the federal issues were "actually presented to and decided by the state court," as well as where the federal issues were "'inextricably intertwined with' questions ruled upon by a state court, as when success on the federal claim depends upon a determination 'that the state court wrongly decided the issues before it.'" *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (citation omitted). Thus, "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual, *Rooker-Feldman* is implicated." *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1997) (internal quotation marks and citation omitted). Although federal courts *do* have jurisdiction to hear prospective challenges to the constitutionality of a state law, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 485-87 (1983), federal courts do not have jurisdiction over a ruling under that law, because it would require review of a particular state court adjudication. *See American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) ("[W]ith the exception of habeas cases, appellate review of state court

4

decisions occurs first within the state appellate system and then in the United States Supreme Court.").

After careful review of Plaintiff's filings, the Court determines that the *Rooker-Feldman* doctrine does apply as a jurisdictional bar. First, Plaintiff was the "loser" in state court on his petition for shared custody of his son, and he seeks to have this court revisit the state court rulings by naming the state court as a defendant in a federal action. *See Johnson*, 512 U.S. at 1006. Secondly, Plaintiff had an opportunity to, and indeed did,[1] raise his Constitutional objections to the legality of North Carolina's child custody and visitation laws. His federal claims were "intextricably intertwined with"[2] the issues decided in those proceedings such that success on his federal claims would depend upon a determination that the state court's determination was wrongly decided. *Plyler*, 129 F.3d at 731; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (recognizing that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Finally, were the Court to order the relief requested, it would have the effect of reversing the state court's custody decision. Accordingly, Plaintiff's action, to the extent the Court is liberally construing Plaintiff's petition for removal as a complaint initiating a new cause of action, must be dismissed

---

[1] It is apparent from the selected state court documents that Plaintiff filed with this Court that he did assert in state court that his Constitutional rights were implicated by the state court's rulings. *See, e.g.*, Motion to Restore Plaintiff's Parental Rights as Stated in the Federal Constitution [DE-3 at 1-7] & Motion to Dismiss [DE-3 at 11-17] (both filed by Plaintiff).

[2] To the extent Plaintiff specifically now raises federal civil rights claims in addition to the Constitutional claims he made in state court, Plaintiff cannot avoid the *Rooker-Feldman* jurisdictional bar by merely "refashioning" his attack on the state court judgments as federal civil rights violations. *Jordahl*, 122 F.3d at 202-03; *Moore v. Idealease of Wilmington*, 465 F. Supp. 2d 484, 490 (E.D.N.C. 2006).

5

because the Court is without subject matter jurisdiction over the controversy.[3] *See Jordahl*, 122 F.3d at 197 n.5 (noting that *Rooker-Feldman* is a jurisdictional matter that a court is empowered to raise *sua sponte*).

## III. CONCLUSION

Accordingly, for the reasons stated above, this Court **GRANTS** the Plaintiff's motion to proceed *in forma pauperis*. However, the Court **RECOMMENDS** that Plaintiff's petition for removal [DE-1-2] be **DISMISSED** as improperly filed and, alternatively, for lack of subject matter jurisdiction. The Clerk shall send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, who has fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a *de novo* review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 15th day of June, 2010.

DAVID W. DANIEL
United States Magistrate Judge

---

[3] Plaintiff further argues jurisdiction is proper in this Court because he is not merely seeking a domestic relations decree. However, the Court notes that the line of cases Plaintiff discusses therein relate to whether removal is proper *by a defendant* in cases in which the complaint raises both federal and state law claims. As discussed above, Plaintiff's petition for removal is not authorized by statute because he is the plaintiff—not the defendant—in the state court action.

6